IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONALD E. GANTZER, :

       Plaintiff, :    Case No. 2:09-cv-295

  v. :    Judge Frost

TIMOTHY R. LANGLEY, :    Magistrate Judge Abel
et al.,
     :
       Defendants.
     :

**REPORT AND RECOMMENDATIONS**

Plaintiff Donald E. Gantzer brings this action for personal injury against Defendants Timothy R. Langley and B&L Transport, Inc ("Defendants"). This matter is before the Magistrate Judge on Plaintiff's May 6, 2009 Motion to Remand (Doc. #7). Plaintiff requests that the court remand this case to where it was originally filed in the Court of Common Pleas of Franklin County, Ohio. Defendants removed this case to the United States District Court for the Southern District of Ohio, Eastern Division based on diversity jurisdiction (Doc. #1-2). Plaintiff contends that removal is improper because the amount in controversy requirement is not satisfied (Doc. #7, 9).

**I.   FACTS**

On March 19, 2009, Gantzer filed this action against Defendants in the Court of Common Pleas of Franklin County, Ohio. He alleges personal injury and damages arising from a tractor-trailer/automobile accident that occurred in Franklin County, Ohio on August 5, 2007. (Doc. #3 at ¶1). The complaint alleges that, as a result of Defendants negligent or reckless acts or omissions, Plaintiff sustained "severe and debilitating injuries, including but not limited to, cracked/

1

broken ribs, left lateral tibial plateau fracture and other injuries to the left leg and knee." (Doc. #3 at ¶10). Plaintiff alleges that the injuries have resulted in post traumatic arthritis requiring future medical treatment and rehabilitation. (Doc. #3 at ¶11). Plaintiff claims to have incurred "approximately $27,500.00 in medical and related expenses" as a result, and states that he will continue to incur future medical expenses. (Doc. #3 at ¶12). Plaintiff also alleges that he has sustained "lost wages/benefits/seniority and a permanent impairment to his earning ability," as well as "permanent injury, loss of enjoyment of life activities and inability to perform household and family functions and activities." (Doc. #3 at ¶13–14). Further, Plaintiff seeks punitive damages as a result of Defendant Langley's alleged "malice and conscious disregard to the rights and safety" of Plaintiff and the motoring public. (Doc. #3 at ¶16). In support of punitive damages, Plaintiff alleges Defendant Langley was "operating a semi-tractor trailer with no headlights or external lighting" and following the accident "did not turn on his headlights or place flares, or take any action to warn oncoming motorists of his jackknifed semi-tractor and trailer." (Doc. #3 at ¶17–18).

Defendants filed a notice of removal April 16, 2009 (Doc. #1). This removal was based on diversity of citizenship jurisdiction, pursuant to 28 U.S.C. § 1332(a) (Doc. #1-2). Plaintiff filed a motion to remand to state court pursuant to 28 U.S.C. § 1447(c) on May 6, 2009, contesting federal jurisdiction on the grounds that the amount in controversy requirement has not been satisfied by the Defendants (Doc. #7).

## II. DISCUSSION

In removing this case, Defendants asserted federal subject matter jurisdiction on the basis of diversity of citizenship and satisfaction of the amount in controversy requirement. Pursuant to the removal statute, 28 U.S.C. § 1441, a defendant is authorized to remove "civil actions from

state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court." *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 83 (2005); *See* 28 U.S.C. § 1441(a). A federal district court has original jurisdiction over any civil action "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … (1) citizens of different States." 28 U.S.C. § 1332(a). "A defendant desiring to remove a case has a burden of proving the diversity jurisdiction requirements." *Gafford v. General Elec. Co.,* 997 F.2d 150, 155 (6th Cir. 1993).

**A.     Amount in Controversy**

Plaintiff argues that removal is improper because Defendants have not established that the amount in controversy exceeds $75,000.00. Plaintiff seeks to recover $27,500.00 in medical expenses already incurred. In addition, Plaintiff seeks to recover an unspecified amount for additional future medical expenses, including treatment and rehabilitation for post traumatic arthritis, lost wages, benefits, seniority, and permanent impairment to his earning ability, loss of enjoyment of life activities and inability to perform household and family functions and activeties; and punitive damages.

"[W]here the plaintiff seeks to recover some unspecified amount that is not self-evidently greater or less that the federal amount-in-controversy requirement," the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75.000.00. *Gafford,* 997 F.2d at 158. The defendant must set forth evidence showing that it is "more likely than not" that the plaintiff's claims meet the federal amount in controversy requirement. *Id.* The balance struck by the preponderance of the evidence test is that:

> It does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages. On the other end of the spectrum, requiring

the defendant to prove that the amount in controversy "may" meet the federal requirement would effectively force the plaintiff seeking remand to prove in rebuttal that only a relatively small amount of damages is legally possible.

*Id.* at 159. In determining whether Defendants have met their "burden of showing, by a preponderance, that more than $75,000 is in controversy, we review the damages sought by Plaintiffs at the time of removal-i.e., the damages sought by Plaintiffs in their original complaint." *Hayes v. Equitable Energy Resources Co.,* 266 F.3d 560, 573 (6th Cir. 2001).

Defendants argue that "the *Hayes* Court, while employing a 'fair reading' to the allegations in the complaint, considered that 'Plaintiffs expressly refused to stipulate to a damage amount falling under the amount in controversy requirement.'" (Doc. #8-3 (*quoting Hayes*, 266 F.3d at 573)). However, the *Hayes* Court also noted that "Plaintiffs in this case are unwilling to make concessions that would nevertheless be insufficient under *Rogers* to oust this Court of jurisdiction on amount in controversy grounds." *Hayes*, 266 F.3d at 573. "Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938). The relevant consideration is the amount in controversy at the time of removal. Plaintiff's refusal to stipulate, following removal, is not dispositive in terms of jurisdiction.

However, Defendants argument that "the determination of Plaintiff's Motion must begin with the allegations he set forth in his Complaint" is well taken. (Doc. #4-4). Applying a "fair reading of the unspecified . . . damages sought by Plaintiff," we agree that the amount in controversy requirement has been met in this case. *Hayes*, 266 F.3d at 573. Plaintiff alleges damages of $27,500.00 in medical expenses, already incurred, as part of the Complaint. The issue then is whether the unspecified damages are more likely than not to exceed $47,500.00. The Court does not consider the likelihood that Plaintiff will prevail in ultimately proving their case,

4

or recovering all the damages alleged. The Court considers whether the damages alleged place the amount in controversy above the required amount to confer the Court with jurisdiction. The Plaintiff seeks damages, of unspecified amount, for additional medical expenses into the future, including treatment and rehabilitation for post traumatic arthritis; lost wages, benefits, seniority, and permanent impairment to his earning ability; and loss of enjoyment of life activities and inability to perform household and family functions and activities. Also, Plaintiff's Complaint contains a prayer for relief for punitive damages. Based on the alleged $27,500.00 of medical expenses that have already been incurred, the Court is satisfied that future medical expenses are more likely than not to total twice the amount already incurred if Plaintiff were to prevail with their suit. The Magistrate Judge also considers the amount of lost wages and possible punitive damages alleged by the Plaintiff, at the time of removal and without the benefit of discovery, in concluding that the amount in controversy exceeds $75.000.00. Plaintiff could have properly filed this action in federal court based on the facts alleged in the Complaint.

Because Defendants have shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, the Magistrate Judge concludes that they have met their burden of proving the diversity jurisdiction requirements. Consequently this action is properly before the United States District Court for the Southern District of Ohio, Eastern Division under 28 U.S.C. § 1332(a).

**III. CONCLUSION**

For the reasons set out above, I RECOMMEND that Plaintiff's May 6, 2009 Motion to Remand (Doc. #7) be DENIED.

If any party objects to this Report and Recommendation, that party may, within ten (10 days, file and serve on all parties a motion for reconsideration by the Court, specifically design-

or recovering all the damages alleged. The Court considers whether the damages alleged place the amount in controversy above the required amount to confer the Court with jurisdiction. The Plaintiff seeks damages, of unspecified amount, for additional medical expenses into the future, including treatment and rehabilitation for post traumatic arthritis; lost wages, benefits, seniority, and permanent impairment to his earning ability; and loss of enjoyment of life activities and inability to perform household and family functions and activities. Also, Plaintiff's Complaint contains a prayer for relief for punitive damages. Based on the alleged $27,500.00 of medical expenses that have already been incurred, the Court is satisfied that future medical expenses are more likely than not to total twice the amount already incurred if Plaintiff were to prevail with their suit. The Magistrate Judge also considers the amount of lost wages and possible punitive damages alleged by the Plaintiff, at the time of removal and without the benefit of discovery, in concluding that the amount in controversy exceeds $75.000.00. Plaintiff could have properly filed this action in federal court based on the facts alleged in the Complaint.

Because Defendants have shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, the Magistrate Judge concludes that they have met their burden of proving the diversity jurisdiction requirements. Consequently this action is properly before the United States District Court for the Southern District of Ohio, Eastern Division under 28 U.S.C. § 1332(a).

**III. CONCLUSION**

For the reasons set out above, I RECOMMEND that Plaintiff's May 6, 2009 Motion to Remand (Doc. #7) be DENIED.

If any party objects to this Report and Recommendation, that party may, within ten (10 days, file and serve on all parties a motion for reconsideration by the Court, specifically design-

ating this Report and Recommendation, and the party thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn,* 477 U.S. 140, 150–52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Sec. of Health and Human Services*, 892 F.3d 15, 16 (2d Cir. 1989).

s/ Mark R. Abel_____
United States Magistrate Judge
